| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

Southern District of New York
_(State)_

Case number _(if known)_: _____    Chapter ___11___

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, _Instructions for Bankruptcy Forms for Non-Individuals_, is available.

**1.  Debtor's Name**    **Jason Incorporated**

**2.  All other names debtor used in the last 8 years**

Include any assumed names, trade names, and _doing business as_ names

**3.  Debtor's federal Employer Identification Number (EIN)**    **39-1756840**

**4.  Debtor's address**

**Principal place of business**

**833 E. Michigan Street**
Number        Street

**Suite 900**

**Milwaukee, Wisconsin 53202**

City                State        Zip Code

**Milwaukee County**
County

**Mailing address, if different from principal place of business**

**777 Westchester Avenue**
Number        Street

**Suite 101**

**White Plains, New York 10604**
City                State        Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                State        Zip Code

**5.  Debtor's website (URL)**    **https://www.jasoninc.com/**

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Jason Incorporated | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3261, 3132, 3363, 3399, 3279**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

Debtor _____Jason Incorporated_____    Case number *(if known)* _____
      Name

---

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. Debtor    **See attached Schedule 1**<br><br>       District   **Southern District of New York**<br><br>       Case number, if known _____ | Relationship   **Affiliate**<br><br><br>When    **06/24/2020**<br>       MM / DD / YYYY |

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**

        _____
        Number      Street

        _____
        City           State    Zip Code

    **Is the property insured?**

    ☐ No

    ☐ Yes.   Insurance agency _____

              Contact name _____

              Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

| Debtor | Jason Incorporated | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     __06/24/2020__
MM/ DD / YYYY

✗    __/s/ Kevin Kuznicki__                                              Kevin Kuznicki
Signature of authorized representative of debtor              Printed name

Title    **Sr. Vice President, General Counsel & Secretary**

---

| **18. Signature of attorney** | ✗    __/s/ Jonathan S. Henes__ | Date    __06/24/2020__ |
|---|---|---|
| | Signature of attorney for debtor | MM/ DD/YYYY |

**Jonathan S. Henes**
Printed name

**Kirkland & Ellis LLP**
Firm name

**601 Lexington Avenue**
Number                          Street

**New York**                                              **New York**        **10022**
City                                                              State              ZIP Code

**(212) 446-4800**                                        jonathan.henes@kirkland.com
Contact phone                                            Email address

**2822203**                                              **New York**
Bar number                                              State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Jason Industries, Inc.

- Jason Industries, Inc.
- Jason Partners Holdings Inc.
- Jason Holdings, Inc. I
- Jason Incorporated
- Milsco, LLC
- Osborn, LLC
- Schaffner Manufacturing Co., Inc.
- Jason International Holdings, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JASON INCORPORATED, | ) | Case No. 20-_____(___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Jason Incorporated | Jason Holdings Inc. I | 833 E MICHIGAN STREET, SUITE 900, MILWAUKEE, WI 53202 | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| JASON INCORPORATED, | Case No. 20-_____(___) |
| Debtor. | |

### <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Jason Holdings Inc. I | 100% |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name          Jason Incorporated | |
| United States Bankruptcy Court for the:          Southern District of New York | |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### █  Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 35 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration__  List of Equity Security Holders, Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **06/24/2020** | ☒ */s/ Kevin Kuznicki* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Kevin Kuznicki** |
| | Printed name |
| | **Sr. Vice President, General Counsel & Secretary** |
| | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## Consolidated List of the Holders of the Debtors' 35 Largest Unsecured Claims

Pursuant to Local Rule 1007-2(a)(4), the following is a consolidated list of the Debtors' creditors holding the 35 largest unsecured claims (the "Consolidated Creditor List") based on the Debtors' unaudited books and records as of the Petition Date.  The Consolidated Creditor List has been prepared in accordance with Bankruptcy Rule 1007(d) and does not include (i) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (ii) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 35 largest unsecured claims.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors.  The Debtors reserve all rights to assert that any debt or claim included herein is a disputed claim or debt, and to challenge the priority, nature, amount, or status of any such claim or debt.  In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the descriptions in the corporate and legal documents shall control.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | WILMINGTON SAVINGS FUND SOCIETY, FSB AS AGENT ON BEHALF OF THE SECOND LIEN LENDERS 500 DELAWARE AVENUE WILMINGTON, DE 19801 | C/O SEWARD & KISSEL LLP ONE BATTERY PARK PLAZA NEW YORK, NY 10004 ATTN: GREGG S. BATEMAN (E) BATEMAN@SEWKIS.COM | 2L Loans | | | | $94,618,257 |
| 2 | UNIROYAL ENGINEERED PRODUCTS P.O. BOX 865066 ORLANDO, FL 32886-5066 | JANICE DIXSON (P) 941-906-8580 (E) JDIXSON@UNIROYALGLOBAL.COM | Trade Payable | | | | $557,459 |

---

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 3 | REGENCY PLASTICS, INC. 4147 NORTH UBLY ROAD UBLY, MI 48475 | CECI PRATT (P) 989-269-9791 EXT 6902 (E) CPRATT@GEMINIGROUP.NET | Trade Payable | | | | $454,173 |
| 4 | O'SULLIVAN FILMS, INC. P.O. BOX 505524 ST. LOUIS, MO 63150-5524 | JULIE MCCLOUD (P) 540-545-4767 (E) JULIE.MCCLOUD@OSUL.COM | Trade Payable | | | | $439,374 |
| 5 | BASF CORPORATION P.O. BOX 360941 PITTSBURGH, PA 15251 | MARTIN GAMAMOU (P) 973-245-6783 (E) MARTIN.GAMAMOU @BASF.COM | Trade Payable | | | | $296,208 |
| 6 | GLOBAL TRANZ 7350 N DOBSON RD STE 130 SCOTTSDALE, AZ 85256 | AMY HERNANDEZ (P) 480-339-5809 (E) AMY.HERNANEZ@GLOBALTRANZ.COM | Trade Payable | | | | $190,838 |
| 7 | HATFIELD & ASSOCIATES LLC 5100 POPLAR AVE STE 3119 MEMPHIS, TN 38137 | CARRIE GRAUE (P) 901-300-8445 (E) CGRAY@HATFIELDAND ASSOCIATES.COM | Trade Payable | | | | $158,292 |
| 8 | RELIANCE WEAVING MILLS LTD 2ND FLOOR, TRUST PLAZA L.M.Q ROAD MULTAN 66000 PAKISTAN | ADNAN (P) +92 061-4512031-2 (E) INFO@TEXPRO.COM.PK | Trade Payable | | | | $127,907 |
| 9 | KAPCO, INC. P.O. BOX 227 GRAFTON, WI 53024 | SYDNEY SIMON (P) 262-377-6500 (E) SIMON@KAPCOINC.COM | Trade Payable | | | | $124,976 |
| 10 | SHIELD RESTRAINT SYSTEMS 7424 SOLUTION CENTER CHICAGO, IL 60677-7004 | ROBIN LINZY (P) 574-970-2664 (E) RLINZY@TRUSTSHIELD.COM | Trade Payable | | | | $124,245 |

2

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 11 | JEFFERS INDUSTRIES LLC P.O. BOX 49233 WEST CARROLLTON, OH 45449 | JOSHUA JEFFERS (P) 937-751-5465 (E) JOSH@JEFFERSINDUSTRIES.COM | Trade Payable | | | | $121,749 |
| 12 | WPT INDUSTRIAL LP P.O. BOX 860648 MINNEAPOLIS, MN 55486-0648 | MOLLY SCHUNEMAN (P) 612-800-8511 (E) MSCHUNEMAN@SPTREIT.COM | Lease | | | | $120,363 |
| 13 | DELTA SYSTEMS, INC. 26850 NETWORK PLACE CHICAGO, IL 60673-1268 | RENAE DANTONE (P) 330-422-2536 (E) RDANTONE@DELTASYSTMSINC.COM | Trade Payable | | | | $105,451 |
| 14 | MILLWRIGHT INDUSTRIAL SERVICES LLC P.O. BOX 1 NEW LEBANON, OH 45345 | DONNA S. RAVER (P) 812-593-2343 (E) D.RAVER@MILLWRIGHTINDUSTRIAL.COM | Trade Payable | | | | $102,677 |
| 15 | MCNS POLYURETHANES USA INC 1 SKC DRIVE COVINGTON, GA 30014 | SANDRA SMITH (P) 678-342-1606 (E) SSMITH@MCNSKC.US | Trade Payable | | | | $89,700 |
| 16 | PLAS-TEC 601 W. INDIANA STREET EDON, OH 43518 | TERRY CARTER (P) 419-272-2731 (E) TCARTER@PLASTECCORP.COM | Trade Payable | | | | $85,445 |
| 17 | HAHL, INC. P.O. BOX 56346 ATLANTA, GA 30343 | CHIP RINEHART (P) 803-520-5356 (E) MENDEL.RINEHART@PERLON.COM | Trade Payable | | | | $83,381 |
| 18 | MSC INDUSTRIAL SUPPLY CO. P.O. BOX 953635 ST. LOUIS, MO 63195-3635 | KRISTIN CHEEKS (P) 704-987-5256 (E) KRISTIN.CHEEKS@MSCDIRECT.COM | Trade Payable | | | | $80,593 |
| 19 | DUROSHOX PRIVATE LIMITED 1258 SANASWADI, NAGAR ROAD PUNE 412208, INDIA | KIRAN NAIKADE (P) +91 2137 676421 (E) LOGISTICS@DUROSHOX.COM | Trade Payable | | | | $80,005 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 20 | CHANGZHOU HUAYANG WANLIAN NO. 54 HEHUAN RD ZHONGLOU ECONOMIC DISTRICT CHANGZHOU, CHINA | LOUISE LI (P) +86 0519-83909533 (E) LOUISE_LI@JSCZHY.COM | Trade Payable | | | | $79,076 |
| 21 | PLASTOCON, INC. P.O. BOX 83 OCONOMOWOC, WI 53066-0083 | NANCY FOLTZ (P) 262-569-3131 EXT 1310 (E) NANCY.FOLTZ@PLASTOCON.COM | Trade Payable | | | | $74,262 |
| 22 | DEUTSCHE BANK AG, NEW YORK BRANCH 60 WALL STREET NEW YORK, NY 10005 | ALIRIO BRICENO (P) 212-509-614 (E) ALIRIO.BRICENO@DB.COM | Trade Payable | | | | $70,474 |
| 23 | ADP, INC. P.O. BOX 842875 BOSTON, MA 02284-2875 | MIKE FRANCO (P) 915-490-2647 (E) MIKE.FRANCO@ADP.COM | Trade Payable | | | | $69,135 |
| 24 | BLOW MOLDED SOLUTIONS P.O. BOX 37 MAYODAN, NC 27027 | HANNA JACKSON (P) 336-949-4107 (E) HANNA@BLOWMOLDEDSOLUTIONS.COM | Trade Payable | | | | $67,563 |
| 25 | 833 EAST DP DELAWARE, LLC P.O. BOX 603703 CHARLOTTE, NC 28260-3703 | PATRICK NOONAN (P) 414-272-3833 (E) PATRICK.NOONAN@COLLIERS.COM | Lease | | | | $62,404 |
| 26 | WELCH PACKAGING P.O. BOX 856421 MINNEAPOLIS, MN 55485-6421 | AMY ELLIOTT (P) 419-329-4204 (E) ELLIOTTAL@WELCHPKG.COM | Trade Payable | | | | $59,840 |
| 27 | QUARRYSIDE INC. HORICON BANK, 2251 OMRO ROAD OSHKOSH, WI 54904 | BJ WITTENBERG (P) 920-419-2256 (E) BJPAT@YMAIL.COM | Lease | | | | $54,000 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 28 TRANS AMERICAN INFORMATION SYSTEMS 15601 DALLAS PARKWAY, SUITE 250 ADDISON, TX 75001 | JASON BOWLES (P) 615-540-4337 (E) JASON.BOWLES@MASTEK.COM | Trade Payable | | | | $53,260 |
| 29 MAGNA MACHINE & TOOL CO., INC 3722 N. MESSICK ROAD NEW CASTLE, IN 47362 | KELLEY BROWN (P) 765-766-5388 (E) KELLEYBROWN@MAGNAMACHINE.COM | Trade Payable | | | | $52,660 |
| 30 PIEDMONT PLASTICS 10880 KENWOOD RD CINCINNATI, OH 45203 | AMY PODGORSKI (P) 414-847-2293 (E) APODGORSKI@PIEDMONTPLASTICS.COM LISA GARREN (P) 909-403-2904 (E) LGARREN@PIEDMONTPLASTICS.COM | Trade Payable | | | | $52,585 |
| 31 SEMO LLC STE 2 2201 N WILLENBORG ST EFFINGHAM, IL 62401 | BRAD KOENIG (P) 217-342-4443 (E) BKOENIG@AGRACEL.COM | Lease | | | | $50,536 |
| 32 SCHAFFNER PROPERTIES LLC 116 DRAKE DRIVE WEXFORD, PA 15090 | WILLIAM SCHAFFNER (P) 412-496-0061 (E) WILLYSCHAFF@GMAIL.COM | Lease | | | | $48,672 |
| 33 JIULONG INDUSTRIAL CO. LTD 315612 SHANGPU VILLAGE, QIANGJIAO T NINGHAI, NINGBO, CHINA | JIMMY JIN (P) +86 159-6806-1808 (E) JYMJDPS@VIP.163.COM | Trade Payable | | | | $46,184 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 34 | IMMI LTD UNIT 46, COLBOURNE CRES, NELSON PARK IND EST CRAMLINGTON NORTHUMBERLAND NE23 1WD UNITED KINGDOM | MAUREEN WALTON (P) +44 01670 501956 (E) MWALTON@IMMINET.COM | Trade Payable | | | | $43,060 |
| 35 | IMERYS FUSED MINERALS 2000 COLLEGE AVE, M.P.O. BOX 1438 NIAGARA FALLS, NY 14302 | MELANIE BYRD (P) 716-286-1250 EXT 274 (E) MELANIE.BYRD@IMERYS.COM | Trade Payable | | | | $42,724 |

6

## SECRETARY CERTIFICATE

June 18, 2020

The undersigned, Kevin Kuznicki, as the secretary or the authorized signatory, as applicable, of, Jason Industries, Inc., Jason Partners Holdings, Inc., Jason Holdings, Inc. I, Jason Incorporated, Milsco, LLC, Osborn, LLC, Schaffner Manufacturing Co., Inc., and Jason International Holdings, Inc. (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1. I am the duly qualified and elected secretary or authorized signatory, as applicable, of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2. Attached hereto is a true, complete, and correct copy of the resolutions of the Companies' boards of directors, the manager, or sole member, as applicable (collectively, the "Board"), duly adopted at a properly convened and joint meeting of the Board of June 18, 2020, of each Company in accordance with the applicable limited liability company agreements, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company.

3. Since their adoption and execution, the resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the resolutions are the only resolutions adopted by the Board of each Company relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____

Name:    Kevin Kuznicki

Title:    Senior Vice President, General
Counsel, and Secretary of Jason
Industries, Inc.; Vice President of Jason
Incorporated, Jason Partners Holdings
Inc., Jason Holdings, Inc. I, Milsco,
LLC, Osborn, LLC, Schaffner
Manufacturing Co., Inc., and Jason
International Holdings, Inc.

## RESOLUTIONS APPROVED AT A JOINT MEETING

Dated as of June 18, 2020

After due deliberation, the undersigned, being all of the members of the board of directors, the manager, or the sole member, as applicable (each, a "Governing Body," and, collectively, the "Board"), of the applicable entity set forth on **Exhibit A** attached hereto (each, a "Company," and, collectively, the "Companies") hereby take the following actions and adopt the following resolutions (the "Resolutions") pursuant to (as applicable) the limited liability company agreement, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company and the laws of the state of formation of each Company as set forth next to each Company's name on **Exhibit A**:

**WHEREAS**, the Board has considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies;

**WHEREAS**, the Board has reviewed and considered presentations by the management and the financial and legal advisors of the Companies regarding that certain restructuring support agreement, dated as of June 5, 2020 (the "Restructuring Support Agreement") and the advantages and disadvantages to each Company soliciting acceptances of the prepackaged chapter 11 plan of reorganization contemplated by the Restructuring Support Agreement (the "Plan"); and

**WHEREAS**, the Companies executed the Restructuring Support Agreement on June 5, 2020.

**NOW, THEREFORE, BE IT,**

## RATIFICATION OF THE RESTRUCTURING SUPPORT AGREEMENT

**RESOLVED**, that in the business judgment of the Board, it is desirable, and in the best interests of the Companies, their creditors, and other parties in interest, to ratify the Companies' entry into the Restructuring Support Agreement in the form, term, and provisions presented to the Board.

## COMMENCEMENT OF SOLICITATION

**RESOLVED,** that the Company's execution and delivery of, and its performance of its obligations in connection with the Restructuring Support Agreement, including commencing solicitation of the Plan, by sending all holders entitled to vote on the Plan the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of Jason Industries, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* substantially in the form presented to the Board on the date hereof.

## CHAPTER 11 FILING

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the Southern District of New York (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

**RESOLVED**, that any of the Chief Executive Officer, Chief Financial Officer, any Executive Vice President, General Counsel, and Secretary or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of AlixPartners, LLP ("AlixPartners") as restructuring advisor to each Company to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Moelis & Company LLC ("Moelis"), as financial advisor and investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Moelis.

2

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC ("Epiq") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## CASH COLLATERAL AND ADEQUATE PROTECTION

**RESOLVED**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition term lenders (the "Lenders") under: (i) that certain First Lien Credit Agreement dated as of June 30, 2014, among Jason Incorporated, as lead borrower, the guarantors party thereto from time to time, the lenders party thereto, and The Bank of New York Mellon (as successor in interest to Deutsche Bank AG New York Branch) as administrative agent (together with the Lenders, the "Secured Parties") and (ii) that certain Second Lien Credit Agreement dated as of June 30, 2014, among Jason Incorporated, as lead borrower, the guarantors party thereto from time to time, the lenders party thereto, and The Bank of New York Mellon (as successor in interest to Deutsche Bank AG New York Branch) as administrative agent (collectively, together with the Lenders, the "Secured Parties").

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

**RESOLVED**, that the form, terms, and provisions of the Interim Cash Collateral Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each

Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim Cash Collateral Order.

**RESOLVED**, that each Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, including granting liens on its assets to secure such obligations.

## GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

**RESOLVED**, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

* * *

4

**Exhibit A**

| Company | Jurisdiction |
|---|---|
| Jason Partners Holdings, Inc. | Delaware |
| Jason Holdings, Inc. I | Delaware |
| Jason Incorporated | Wisconsin |
| Milsco, LLC | Delaware |
| Osborn, LLC | Delaware |
| Schaffner Manufacturing Co., Inc. | Pennsylvania |
| Jason International Holdings, Inc. | Nevada |

## SECRETARY CERTIFICATE

June 23, 2020

The undersigned, Kevin Kuznicki, as the secretary or the authorized signatory, as applicable, of, Jason Industries, Inc., Jason Partners Holdings, Inc., Jason Holdings, Inc. I, Jason Incorporated, Milsco, LLC, Osborn, LLC, Schaffner Manufacturing Co., Inc., and Jason International Holdings, Inc. (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1.      I am the duly qualified and elected secretary or authorized signatory, as applicable, of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.      Attached hereto is a true, complete, and correct copy of the resolutions of the Companies' boards of directors, the manager, or sole member, as applicable (collectively, the "Board"), duly adopted at a properly convened and joint meeting of the Board of June 23, 2020, of each Company in accordance with the applicable limited liability company agreements, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company.

3.      Since their adoption and execution, the resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the resolutions are the only resolutions adopted by the Board of each Company relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____

Name:     Kevin Kuznicki

Title:     Senior Vice President, General
Counsel, and Secretary of Jason
Industries, Inc.; Vice President of Jason
Incorporated, Jason Partners Holdings
Inc., Jason Holdings, Inc. I, Milsco,
LLC, Osborn, LLC, Schaffner
Manufacturing Co., Inc., and Jason
International Holdings, Inc.

## RESOLUTIONS APPROVED AT A JOINT MEETING

Dated as of June 23, 2020

After due deliberation, the undersigned, being all of the members of the board of directors, the manager, or the sole member, as applicable (each, a "Governing Body," and, collectively, the "Board"), of the applicable entity set forth on **Exhibit A** attached hereto (each, a "Company," and, collectively, the "Companies") hereby take the following actions and adopt the following resolutions (the "Resolutions") pursuant to (as applicable) the limited liability company agreement, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company and the laws of the state of formation of each Company as set forth next to each Company's name on **Exhibit A**:

**WHEREAS**, the Board had previously considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business at a meeting of the Board on June 18, 2020 (the "June 18th Meeting"), and concluded that the resolutions adopted at the June 18th Meeting and the actions contemplated thereby (collectively, the "June 18th Meeting Resolutions") were in the best interests of the Companies;

**WHEREAS**, in light of recent developments and the passage of time since the June 18th Meeting, the Board determined and reaffirmed, in consultation with the management and the financial and legal advisors of the Group Companies, that, further deliberation and consideration of the transactions contemplated by the Restructuring Support Agreement and the Plan (each as defined herein) was advisable and in the best interests of the Group Companies and its stakeholders;

**WHEREAS**, the Board has had the further opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies;

**WHEREAS**, the Board has further reviewed and considered presentations by the management and the financial and legal advisors of the Companies regarding that certain restructuring support agreement, dated as of June 5, 2020 (the "Restructuring Support Agreement") and the advantages and disadvantages to each Company soliciting acceptances of the prepackaged chapter 11 plan of reorganization contemplated by the Restructuring Support Agreement (the "Plan"), including the propriety of the transactions contemplated by the Restructuring Support Agreement and the Plan; and

**WHEREAS**, the Companies executed the Restructuring Support Agreement on June 5, 2020.

**NOW, THEREFORE, BE IT, RESOLVED**, that in the business judgment of the Board, the June 18th Meeting Resolutions are hereby ratified, confirmed, adopted and approved in all respects.

* * *

**Exhibit A**

| Company | Jurisdiction |
| --- | --- |
| Jason Partners Holdings, Inc. | Delaware |
| Jason Holdings, Inc. I | Delaware |
| Jason Incorporated | Wisconsin |
| Milsco, LLC | Delaware |
| Osborn, LLC | Delaware |
| Schaffner Manufacturing Co., Inc. | Pennsylvania |
| Jason International Holdings, Inc. | Nevada |